**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MICHAEL S. MILEY, <br> a/k/a MICHAEL S. MILLER, <br>              Plaintiff, <br><br> vs. <br><br> KARLA WEBB, Counselor; <br> BENJAMIN MARTINEZ, Chairman; <br> and PENNSYLVANIA BOARD OF PAROLE AND PROBATION, <br>              Defendants. | No. 04-365 Erie <br> Judge McLaughlin <br> Magistrate Judge Baxter |

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

**I. STATEMENT OF THE CASE**

Plaintiff, Michael Miley, EM-5931 ("Miley"), is a *pro se* prisoner currently in the custody of the Pennsylvania Department of Corrections ("DOC") in the State Correctional Institution at Albion ("SCI-Albion"). Miley brings this action pursuant to 42 U.S.C. § 1983 against Karla Webb, a Department of Corrections employee assigned as a Counselor at SCI-Albion and against the Pennsylvania Board of Parole and Probation and its chair, Benjamin Martinez.

Miley claims that he has been subjected to the application of an *ex post facto* law by being required to participate in a sex offender treatment program. See Complaint, at § IV.A., C. Particularly, Miley alleges that Defendant Webb "informed [him] that [he] must participate and complete the D.O.C. Sex Offender Program as a mandatory requirement for parole eligibility." Miley seeks declaratory and injunctive relief, as well as unspecified damages. See Complaint, at § VI.

## II.  FACTS

Miley pleaded guilty to one count of Aggravated Indecent Assault, see Exhibit 2, and was sentenced to an indeterminate term of not less than three nor more than ten years imprisonment, see Exhibits 3, 4.  This conviction was based on an incident that occurred on June 22, 2000.  See Exhibit 1.  Miley was committed to the Pennsylvania Department of Corrections and incarcerated at SCI-Albion.  See Complaint, at ¶ IV. B.  As part of his Prescriptive Program Plan while at SCI-Albion, Miley was directed to participate in several sex offender treatment programs.  See Exhibits 5, 6.  Miley successfully completed an Introductory Sex Offender Program on January 28, 2003, see Exhibit 5, and completed an Intermediate Sex Offender Program on February 18, 2004, see Exhibit 6, and was enrolled in a LifeLines Sex Offender Program at the time his parole was being considered in 2005.  Id.

Miley's minimum sentence expired on June 28, 2003, see Exhibits 2, 3, whereupon he became eligible for parole under Pennsylvania law.  See 61 P.S. § 331.21(a).  However, at or about that time, the Board refused parole, observing that Miley needed to successfully complete sex offender treatment, maintain a clear conduct record and receive a favorable recommendation for parole from the DOC.  See Exhibit 7.  The Board indicated that Miley would next be reviewed for parole in or after March, 2005.  Id.

The Board again denied parole on March 22, 2005, citing, *inter alia*, the fact that Miley had not completed additional institutional programs and needed to successfully complete sex offender treatment and receive a favorable recommendation for parole from the DOC.  See Exhibit 8.  Miley will be reviewed again for parole in or after March, 2006.  Id.

### III.  **STANDARD OF REVIEW**

Pursuant to Fed.R.Civ.P. Rule 12(b)(6), a motion to dismiss cannot be granted unless the court is satisfied that "no relief could be granted under any set of facts that could be proved consistent with the allegation." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957).  The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim.  See Neitzke v. Williams, 490 U.S. 319 (1989); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  The complaint must be read in the light most favorable to the plaintiff and all well-pleaded, material allegations in the complaint must be taken as true.  See Estelle v. Gamble, 429 U.S. 97 (1976).

A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure is appropriate if, drawing all inference in favor of the non-moving party, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. Rule 56(c).  Summary Judgment may be granted against a party who fails to adduce facts sufficient to establish the existence of any element essential to that party's case and for which that party will bear the burden of proof at trial.  See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)(a party can move for summary judgment by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case."). The moving party bears the initial burden of identifying evidence that demonstrates the absence of a genuine issue of material fact.  Once that burden is met, the non-moving party must set forth facts showing a genuine issue for trial, determined by whether a reasonable jury could return a verdict for the non-moving party.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

## IV. ARGUMENT

### A. Plaintiff's claim that a Pennsylvania statute requiring sex offender treatment as a precondition of parole eligibility has been applied in an *ex post facto* manner is without merit where plaintiff has been and continues to be eligible for parole.

Miley claims that a Pennsylvania statute, 42 Pa. C.S. § 9718.1, has been applied against him in violation of Article I's *ex post facto* Clause.[1]  This statute was promulgated by the state legislature through its passage of Act 2000-98, and reads in pertinent part as follows:

> (b) Eligibility for parole.--For an offender required to participate in the program under subsection (a), all of the following apply:
>
> (1) The offender shall not be eligible for parole unless the offender has:
>   (i) served the minimum term of imprisonment;
>   (ii) participated in the program under subsection (a); and
>   (iii) agreed to comply with any special conditions of parole imposed for therapy or counseling for sex offenders, including sexually violent predators.
>
> (2) Notwithstanding paragraph (1)(iii), an offender who is a sexually violent predator is subject to section 9799.4 (relating to counseling of sexually violent predators).

42 Pa.C.S.A. § 9718.1(b).

Act 2000-98 was enacted by the General Assembly on December 20, 2000, and, by its own terms, was immediately effective.  See 2000, Dec. 20, P.L. 721, No. 98, § 2.  Act 2000-98

---

[1] Miley's Complaint was filed after the Board's parole refusal at his minimum.  Miley has since been denied parole and has neither amended his Complaint nor sought leave to amend to include this subsequent parole denial in his claim.  Nevertheless, in responding to the Complaint, the Defendants will address this second denial so that it will be clear that Miley is not entitled to relief and that any future amendment would be futile.  See Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116 (3d Cir. 2000).
.

also included the following instructions regarding the application of certain other provisions of Act 2000-98:

> This act shall apply as follows:
>
> (1) The amendment of 18 Pa. C.S. §§ 2902, 2903 and 5903(h)(2) and the addition of 42 Pa. C.S. § 9718.1 shall apply to offenses committed on or after the effective date of this act.
>
> (2) The addition of 42 Pa. C.S. § 9718.1 shall not preclude consideration of the factors set forth in that section in granting or denying parole for offenses committed before the effective date of this act, except to the extent that consideration of such factors is precluded by the Constitution of the United States or the Constitution of the Commonwealth of Pennsylvania.

Act 2000-98, § 3.

Miley was convicted of an offense committed on June 22, 2000. As indicated above, Section 3 of Act 2000-98 states that the provisions of Section 9718.1, including that part in subsection (b) regarding sex offender treatment and parole eligibility, apply only to convictions for offenses committed on or after the effective date of the legislation, which is December 20, 2000. Miley would therefore be correct if the provisions of Section 9718.1(b) were being applied so as to make him ineligible for parole. However, that is not the case presented *sub judice*. Miley is ***eligible*** for parole and has been eligible to be paroled since the completion of the minimum term of his sentence. In fact, Miley has been reviewed for parole on two occasions *since* the minimum term of his sentence expired.[2] Accordingly, Miley cannot demonstrate that he has been subjected to an *ex post facto* application of Section 9718.1.

Although not specifically alleged or argued by Miley, the question nevertheless remains whether Miley's rights are otherwise violated simply by the requirement that he participate in and complete a sex offender treatment program in order to receive a favorable departmental

---

[2] Notwithstanding his eligibility, the Board refused parole in both instances.

recommendation for parole and/or by the Board's decision to refuse parole, at least in part, based on the fact that he has not completed a sex offender treatment program. However, this question has been consistently answered in the negative in this Circuit.

Generally, this issue is raised in the context of a Fifth Amendment claim, with the inmate arguing that required participation in a sex offender treatment program violates his privilege against self-incrimination. In McKune v. Lile, 536 U.S. 24 (2002), the United States Supreme Court held that "[a] prison clinical rehabilitation program, which is acknowledged to bear a rational relation to a legitimate penological objective, does not violate the privilege against self-incrimination if the adverse consequences an inmate faces for not participating are related to the program objectives and do not constitute atypical and significant hardships in relation to the ordinary incidents of life." Id., at 37-38. In addressing the element of compulsion, the McKune court focused on the impact the inmate's decision not to participate would have "in relation to the ordinary incidents of life" and did not discuss the consequences such a decision would have on the inmate's prospects for parole.

However, the Third Circuit has followed the teachings of McKune in a parole case and held that no violation of the Fifth Amendment occurs where an inmate is denied parole after refusing to participate in a sex offender treatment program which requires admissions to criminal activity. In Thorpe v. Grillo, 80 Fed.Appx. 215 (3rd Cir. 2003), the inmate, Thorpe, "argue[d] that by forcing him to choose between maintaining his innocence and participating in a treatment program necessary for parole recommendation, the DOC was in effect imposing an automatic punishment on him for remaining silent.

> Thorpe's Fifth Amendment claim is unpersuasive. The DOC's policy did not force Thorpe to incriminate himself in a criminal trial. See Chavez v. Martinez, 538 U.S. 760, 123 S.Ct. 1994, 155

6

> L.Ed.2d 984 (2003)(suggesting that violations of prophylactic rules safeguarding the right against self-incrimination do not amount to actual constitutional violations as required for civil liability under § 1983); see also Renda v. King, 347 F.3d 550, 559 (3d Cir. 2003) (stating that "it is the use of coerced statements during a criminal trial ... that violates the Constitution")(citation omitted). Moreover, Thorpe did not receive additional punishment for maintaining his innocence under the DOC's policy. His refusal to admit his guilt and the resulting inability to participate in the treatment program did not extend his term of his incarceration or automatically deprive him of consideration for parole. See McKune v. Lile, 536 U.S. 24, 38, 43-45, 122 S.Ct. 2017, 153 L.Ed.2d 47 (2002) (Kennedy, J., plurality)(characterizing compulsion under the Fifth Amendment as hinging on the automatic nature and severity of the threatened punishment). Thorpe was not entitled to parole, just to consideration for parole. The DOC's policy did not automatically deprive him of consideration for parole, although it may have been influential in that respect. Therefore, the District Court did not err in entering summary judgment in favor of the Prison Officials on Thorpe's Fifth Amendment self-incrimination claim.

Thorpe v. Grillo, 80 Fed.Appx. at 219-220. See also Forsythe v. Walters, 38 Fed.Appx. 734, 736 (3d Cir. 2002)(finding that conditioning acceptance into a prison pre-release program upon an admission of guilt did not amount to compulsion because program was voluntary and because parole is a benefit, not a right) and Wolfe v. Pennsylvania Department of Corrections, 334 F.Supp.2d 762, 773 (E.D.Pa. 2004)(denying Fifth Amendment claim because treatment program was voluntary and consequences of participation, although unpleasant, did not rise to level of constitutional infirmity). Cf. Shaffer v. Meyers, 338 F.Supp.2d 562, 565 (M.D.Pa. 2004)(no merit to inmate's claim that punishment was unlawfully increased in violation of *ex post* facto Clause based on Board's decision to deny parole because inmate refused to participate in sex offender program).

Accordingly, neither the Department of Corrections nor the Board (nor any of their agents or employees) violates the Fifth Amendment simply by conditioning a favorable parole recommendation or result on an inmate's participation in and completion of sex offender

7

treatment, even if the failure to participate in or complete the program may lead to an unfavorable parole recommendation and/or an adverse parole decision.

The Thorpe court also considered and rejected this claim under the Fourteenth Amendment:

> The Parole Board's consideration of Thorpe's parole applications is sufficient for Fourteenth Amendment due process purposes because '[t]here is no constitutional right or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.' Conn. Bd. of Pardons v. Dumschat, 452 U.S. 458, 464, 101 S.Ct. 2460, 69 L.Ed.2d 158 (1981)(quoting Greenholtz v. Inmates of Neb. Penal. & Corr. Complex, 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979)). While 'States may under certain circumstances create liberty interests which are protected by the Due Process Clause,' Sandin v. Conner, 515 U.S. 472, 483-84, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), the Pennsylvania Supreme Court has long held that 'a denial of parole does not implicate a constitutionally protected liberty interest.' Coady v. Vaughn, 564 Pa. 604, 770 A.2d 287, 291 (Pa. 2001); see also Rogers v. Pa. Bd. of Prob. & Parole, 555 Pa. 285, 724 A.2d 319, 322-23 (Pa. 1999)(affirming Parole Board's discretion to grant or deny parole because 'parole is a matter of grace and mercy shown to a prisoner who has demonstrated to the Parole Board's satisfaction his future ability to function as a law-abiding member of society upon release before the expiration of the prisoner's maximum sentence').

Thorpe v. Grillo, 80 Fed.Appx. at 219. See also Perry v. Vaughn, 2005 WL 736633 (E.D.Pa. 2005).

Consequently, while Miley remains eligible for parole, the fact that the Department of Corrections and/or the Board considers his participation in and completion of sex offender treatment when deciding whether to recommend or grant parole, respectively, does not implicate any federal constitutional right held by Miley. Miley therefore fails to state a justiciable claim and the complaint should be dismissed or, alternatively, the named defendants in this case are entitled to summary judgment.

WHEREFORE, it is respectfully requested that the instant motion be granted and that the Complaint previously filed in this matter be dismissed or, alternatively, that judgment be granted in favor of the named defendants and against the plaintiff.

.

                                             Respectfully submitted,

                                             THOMAS W. CORBETT, JR.
                                             Attorney General

                                             _s/ Scott A. Bradley_

Office of Attorney General                 Scott A. Bradley
6th Floor, Manor Complex                 Senior Deputy Attorney General
564 Forbes Avenue                           Attorney I.D. No. 44627
Pittsburgh, PA 15219
Phone: (412) 565-3586                    Susan J. Forney
Fax:   (412) 565-3019                    Chief Deputy Attorney General

Date:  July 11, 2005