IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL S.MILEY

NO.04-365 ERIE

V.

KARLA WEBB,ET AL

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

AND NOW,Comes the Plaintiff Michael S. Miley who respectfully
moves this Court to deny the defendant's motion to dismiss or for
summary judgment upon the following grounds:

1.That contrary to the Defendant's claims that plaintiff is
"eligible" for parole and has not been subjected to an ex post
facto application of 42 PA.CSA §9718.1,Plaintiff contends that
for parole purposes the word "eligible" is misleading due to the
fact that the board is requiring Plaintiff to successfully
complete a treatment program for sex offenders and the parole
board does not consider this to be an option but rather a
requirement for parole eligibility and plaintiff avers that the
statute itself(42 PA. CSA §9718.1 states that the sex offender
treatment program is a mandatory requirement for parole
eligibility.With that in mind Plaintiff avers that contrary to
defendant's counsel's semantics the word "eligible" is misleading
when applied to Plaintiff in that,The board will not consider him
eligible for parole until he has successfully completed the sex
offender treatment program prescribed.This in itself is an ex
post facto violation of the US Constitution in that Plaintiff's
offense occurred prior to the enactment of 42 PA. CSA §9718.1
which made sex offender treatment a mandatory requirement for
parole eligibility for those offenders whose offenses occurred on
or after it's enactment on December 20,2000.

2.Peteitioner contends that the parole board will not
consider him "eligible" for parole until he completes this
program as evidenced by the board's decisions each time plaintiff
has been reviewed for parole.Plaintiff avers that since his
offense occurred prior to the enactment of 42 PA.CSA§9718.1 the
boards denial of parole due to plaintiff's failure to complete
the sex offender treatment program is an ex post facto violation
see.MICKENS-THOMAS V. VAUGHN,355 F.3d 294,(C.A.3(Pa.)2004)which
addresses this very issue and is the controlling precedent.

WHEREFORE,for the above stated reasons Plaintiff prays this
Court to deny the defendant's motion to dismiss or for summary
judgment.

Respectfully Submitted,

*michael S miley*

Michael S. Miley,August 9,2005

CERTIFICATE OF SERVICE

I,Michael Miley do hereby certify that I have served a true and
correct copy of the foregoing upon the Counsel for the defendants
by placing same in the US Mail,first class postage paid and
addresses as follows:

Scott A. Bradley,ESQ.
Attorney General's office 564 Forbes Ave.6th fl.
Pittsburgh,Pa.15219


Respectfully Submitted,

Michael S. Miley,Plaintiff
August 9 2005