IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL MILEY,           )<br>      Plaintiff,     )<br>                          )<br>vs.                       )<br>                          )<br>KARLA WEBB, et al.        )<br>      Defendants.    ) | C.A. No. 04-365 Erie<br>District Judge McLaughlin<br>Magistrate Judge Baxter |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.     RECOMMENDATION**

It is respectfully recommended that Defendants' motion to dismiss or, in the alternative, for summary judgment [Document #15 ] be granted.

**II.    REPORT**

On December 15, 2004, Plaintiff Michael Miley, an inmate incarcerated at the State Correctional Institution at Albion, Pennsylvania ("SCI-Albion"), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Named as Defendants are: Karla Webb, a counselor at SCI-Albion ("Webb"); Benjamin Martinez, Chairman of the Pennsylvania Board of Probation and Parole ("Martinez"); and the Pennsylvania Board of Probation and Parole ("PBPP").

Plaintiff alleges that Defendants applied a Pennsylvania statute retroactively to deny him parole in violation of the *Ex Post Facto* Clause of the United States Constitution. The statute in question, 42 Pa.C.S. § 9718.1, was enacted by the Pennsylvania legislature on December 20, 2000, and generally provides that certain sex offenders will not be eligible for parole unless and until they have completed "a Department of Corrections program of counseling or therapy designed for incarcerated sex offenders." By its terms, the statute applies only to offenders who committed offenses on or after the effective date of its enactment. Plaintiff claims that, although his offense was committed prior to the enactment of 42 Pa.C.S. § 9718.1, Defendants

retroactively applied the statute's requirements to deny him parole. In particular, Plaintiff claims that Defendant Webb "informed [him] that [he] must participate and complete the D.O.C. Sex Offender Program as a mandatory requirement for parole eligibility" and that Defendant PBPP subsequently denied him parole because he failed to complete sex offender treatment. (See Complaint at Section IV.C ). As a result, Plaintiff seeks declaratory and injunctive relief, as well as unspecified monetary damages.

Defendants have filed a motion to dismiss, or in the alternative, for summary judgment, arguing that Plaintiff has failed to state a claim upon which relief my be granted. [Document # 15]. Plaintiff has filed a response to Defendants' motion [Document # 21], essentially reasserting his claims. This matter is now ripe for consideration.

**A.     Factual History**

On December 1, 2000, Plaintiff pleaded guilty to one count of aggravated indecent assault arising from an incident that occurred on June 22, 2000. (Document # 16, Defendants' Brief, Exhibits 1 and 2). He was later sentenced to serve an indeterminate term of not less than three years and no more than ten years of imprisonment. (Document # 16, Defendants' Brief, Exhibit 3). Plaintiff was then committed to the Pennsylvania Department of Corrections ("DOC") and incarcerated at SCI-Albion. As part of his Prescriptive Program Plan at SCI-Albion, Plaintiff was directed to participate in a number of sex offender treatment programs. (See, e.g., Document # 16, Defendants' Brief, Exhibit 5). Plaintiff successfully completed an Introductory Sex Offender Program on January 28, 2003, and an Intermediate Sex Offender Program on February 18, 2004. (Document # 16, Defendants' Brief, Exhibit 6).

On or about April 4, 2003, Defendant PBPP conducted a review of Plaintiff's inmate file and issued a Notice of Board Decision refusing parole, based on a number of factors, including:

> [Plaintiff's] version of the nature and circumstances of the offense(s) committed.
> [Plaintiff's] refusal to accept responsibility for the offense(s) committed.
> [Plaintiff's] lack of remorse for the offense(s) committed.
> The recommendation made by the Department of Corrections.
> Reports, evaluations and assessments concerning your physical, mental and behavior condition and history.
> [Plaintiff's] need to participate in and complete additional institutional programs.

[Plaintiff's] interview with the hearing examiner and/or board member.

(Document # 16, Defendants' Brief, Exhibit 7, page 1). Plaintiff was advised that he would next be reviewed for parole in or after March 2005, at which time the PBPP would consider whether he had successfully completed a treatment program for sex offenders, whether he had received a favorable recommendation for parole from the DOC, and whether he had received a clear conduct record and completed the DOC's prescriptive program(s). (Document # 16, Defendants' Brief, Exhibit 7, page 2).

Defendant PBPP again denied Plaintiff parole on or about March 22, 2005, citing "[Plaintiff's] version of the nature and circumstances of the offense(s) committed," "[Plaintiff's] need to participate in and complete additional institutional programs," and "[Plaintiff's] interview with the hearing examiner and/or board member." (Document # 16, Defendants' Brief, Exhibit 8). PBPP informed Plaintiff that he would next be reviewed for parole in or after March 2006, at which time it would consider whether Plaintiff had participated in/successfully completed a treatment program for sex offenders and whether he had received a favorable recommendation for parole from the DOC. (Document # 16, Defendants' Brief, Exhibit 8).[1]

### B.  Standard of Review
#### 1.  Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989); Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000). The motion cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). See also

---

[1] As Defendants noted in their brief, the PBPP's March 20, 2005, parole decision was rendered after Plaintiff filed the present lawsuit and has not been specifically challenged by Plaintiff in his Complaint. Nevertheless, since Defendants have made this decision a matter of record, it will be considered by the Court in determining whether Plaintiff's claims have any merit.

3

Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002).

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. The issue is not whether the plaintiff will prevail at the end but whether he should be entitled to offer evidence in support of his claim. Neitzke v. Williams, 490 U.S. 319 (1989); Scheuer v. Rhodes, 419 U.S. 232 (1974). However, a court need not credit a complaint's "bald assertions" or "legal conclusions" when deciding a motion to dismiss. Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997) citing In re Burlington Coat Factory Securities Litigation, 114 F.3d 1410, 1429-30 (3d Cir.1997). Therefore, in order to survive a motion to dismiss for failure to state a claim, the complaint must only set forth sufficient information to suggest that there is some recognized legal theory upon which relief can be granted. See Swierkiewicz.

### 2.    Summary Judgment

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(e) further provides that when a motion for summary judgment is made and supported, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Id.

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact. See Fed.R.Civ.P. 56(c); Krouse v. American Sterilizer Co., 126 F.3d 494, 500 n.2 (3d Cir. 1997). The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Country Floors, Inc. v.

4

Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1990). Further, "[R]ule 56 enables a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation continues.'" Schoch v. First Fidelity Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990) quoting Lujan v. National Wildlife Federation, 497 U.S. 871 (1990).

      The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Matsushita Elec. Indus. Co. v Zenith Radio Corp., 475 U.S. 574 (1986); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322; Country Floors, 930 F.2d at 1061.

      A material fact is a fact whose resolution will effect the outcome of the case under applicable law. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986). Although the court must resolve any doubts as to the existence of genuine issues of fact against the party moving for summary judgment, Rule 56 "does not allow a party resisting the motion to rely merely upon bare assertions, conclusory allegation or suspicions." Firemen's Ins. Co. of Newark, N.J. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982). Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson, 477 U.S. at 247-249.

### 3. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521(1972) quoting

5

Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should be done so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements.  Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991).  Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant.  Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997).  See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same).

### C.     Discussion

Article I, Section 10 of the United States Constitution provides that "[n]o state shall . . . pass any . . . *ex post facto* law."  The Supreme Court has instructed that "[t]o fall within the *ex post facto* prohibition, a law must be retrospective--that is it must apply to events occurring before its enactment--and it must disadvantage the offender affected by it by altering the definition of criminal conduct or increasing the punishment for the crime." Lynce v. Mathis, 117 S. Ct. 891, 896 (1997) (citation and quotation omitted).

#### 1.     Retroactivity

Plaintiff claims that Defendants' requirement that he participate in and complete the DOC's sex offender treatment program was "a mandatory requirement for parole eligibility" and, thus, was a retroactive application of 42 P.S. § 9718.1 in violation of the *Ex Post Facto* Clause.  42 P.S. § 9718.1 was promulgated by the Pennsylvania legislature through its passage of Act No. 2000-98, and provides, in pertinent part:

> (b) Eligibility for parole.–For an offender required to participate in the

6

> [DOC's sex offender treatment program], all of the following apply:
>
> (1) The offender shall not be eligible for parole unless the offender has:
> (i) served the minimum term of imprisonment;
> (ii) participated in the [DOC's] sex offender treatment program; and
> (iii) agreed to comply with any special conditions of parole imposed for therapy or counseling for sex offenders, including sexually violent predators....

42 Pa.C.S. § 9718.1(b).

By its terms, 42 Pa.C.S. § 9718.1 became immediately effective on the date of its enactment, being December 20, 2000. Section 3 of Act No. 2000-98 instructs that "the addition of 42 Pa.C.S. § 9718.1 shall apply to offenses committed on or after the effective date of this act." Act No. 2000-98, P.L. 721, No. 98, § 3. The statute's requirements would, thus, be inapplicable to Plaintiff's offense, which was committed on June 22, 2000. Nevertheless, Defendants argue that Plaintiff has failed to show that 42 Pa.C.S. § 9718.1 was applied to him retroactively because he was not considered ineligible for parole as a result of his failure to participate in the DOC's sex offender treatment program. In fact, Defendants point out that Plaintiff has been reviewed for parole on two occasions since the minimum term of his sentence expired. (Document # 16, Defendants' Brief, p. 5). Thus, Defendants contend that Plaintiff cannot demonstrate that he has been subjected to an *ex post facto* application of Section 9718.1. This Court agrees.

In addition to the fact that Plaintiff has already been reviewed for parole on two occasions, thus evidencing his eligibility for parole, the Notice of Board Decision issued by the PBPP on each occasion fails to indicate that Plaintiff's failure to participate in the DOC's sex offender program was a primary or deciding factor in the denial of parole. (Document # 16, Defendants' Brief, Exhibits 7 and 8). At most, the PBPP indicated that Plaintiff's participation in/completion of the DOC's sex offender treatment program would be considered by the Board in rendering its next parole decision. The Board has the power to consider Plaintiff's completion of such a program under the broad scope of authority provided by the 1941 Parole Act, which states the Board should consider the prisoner's "general character and background"

7


as well as his conduct "while in prison, and his physical, mental, and behavior condition and history..." 61 P.S. § 331.19. Thus, the mere fact the Board indicated that it would consider Plaintiff's participation in/completion of sex offender treatment is insufficient to demonstrate that the requirements of Section 9718.1 were applied to Plaintiff retroactively to deny him parole in violation of the *Ex Post Facto* Clause.

### 2.     Disadvantage to Plaintiff

Even if Plaintiff was able to demonstrate that Section 9718.1 was applied retroactively to deny him parole, the second prong of the *ex post facto* analysis requires courts to determine whether the law resulted in "a sufficient risk of increasing the measure of punishment attached to the covered crimes." California Dep't of Corrections v. Morales, 514 U.S. 499, 509 (1995). See also Garner v. Jones, 529 U.S. 244, 255 (2000) (when the rule at issue does not by its own terms show a significant risk, the burden is on the parole applicant to demonstrate "that its retroactive application will result in a longer period of incarceration than under the earlier rule"); Johnson v. United States, 529 U.S. 694 (2000) (to succeed in *ex post facto* claim petitioner must prove that legislation increases the penalty from whatever the law provided when the criminal act was committed.). Cf. Hameen v. State of Delaware, 212 F.3d 226, 240 (3d Cir. 2000) (focus of *ex post facto* inquiry is not on whether legislative change produces some ambiguous sort of disadvantage ... rather, proper focus is whether the law alters the definition of criminal conduct or increases the penalty by which a crime is punishable) (citations omitted).

Thus, to succeed in establishing his *ex post facto* claim, Plaintiff must be able to prove that the alleged change in law resulted in an increased penalty. This he cannot do.

Plaintiff essentially contends that Defendants' requirement that he participate in the sex offender treatment program will result in the refusal of parole until he successfully completes the program and, thus, extend his sentence. This argument is without merit. Pennsylvania law unambiguously provides that a prisoner is not entitled to release from prison until the expiration of his maximum sentence. Nothing in the Pennsylvania Parole Act (or any other provision of

Pennsylvania law) requires the Board to release a prisoner on parole prior to the expiration of his maximum term. The Board has complete discretion to determine whether an inmate is sufficiently rehabilitated such that he will be permitted to serve the remainder of his sentence outside the prison walls on parole. Although a prisoner is <u>eligible</u> for parole at the end of his minimum term, nothing in Pennsylvania law or the United States Constitution requires a prisoner to be released at such time.[2]

The Defendants' requirement that Plaintiff participate in/complete sex offender treatment as a condition of obtaining parole did not result in a sufficient risk of increased punishment. Plaintiff's sentence and eligibility for parole have remained unaffected despite his failure to complete the sex offender treatment program. He has been subjected to no greater penalty as a result of this failure. By failing to complete sex offender treatment, Plaintiff has simply foregone an opportunity to lessen the sentence he would otherwise be required to serve.

"The *Ex Post Facto* Clause does not encourage close scrutiny by the federal courts of ongoing procedural or operational changes in prisons to coordinate treatment, promote security, and protect the public safety." <u>Dominique v. Weld</u>, 73 F.3d 1156, 1163 (1st Cir. 1996). Plaintiff has not demonstrated that he is entitled to any relief with respect to his *ex post facto* claim related to Defendants' recommendation that he complete sex offender programming as a condition of obtaining parole.

### 3.     Mickens-Thomas

Notwithstanding the foregoing, Plaintiff argues that this case is controlled by the Third Circuit Court's decision in <u>Mickens-Thomas v. Vaughn</u>, 355 F.3d 294 (3d Cir. 2004). In <u>Mickens-Thomas</u>, the Circuit Court found that the PBPP's "recent requirement that [the prisoner] participate in the 'admitter' part of sex offender therapy program to qualify for parole is in essence a retroactive application of 42 Pa. Stat. Ann. § 9718.1, enacted in December 2000,"

---

[2] The existence of a state parole system alone does not create a constitutionally-protected interest. <u>Board of Pardons v. Allen</u>, 482 U.S. 369, 373 (1987).

and, thus, a violation of the *Ex Post Facto* Clause. 355 F.3d at 306. In a later decision, however, the Third Circuit Court noted that "Mickens-Thomas may be an exceptional case because of the compelling nature of the evidence of prejudice" in that case. Richardson v. Pennsylvania Board of Prob. and Parole, 423 F.3d 382, 293 (3d Cir. 2005). In particular, the prisoner in Mickens-Thomas "had presented convincing evidence that he had a significant likelihood of parole under the pre-1996 guidelines and had shown that all prisoners in his situation had been subsequently paroled."[3] Unlike the prisoner in Mickens-Thomas, Plaintiff has not asserted that he has received a favorable recommendation for parole from the DOC, has had a positive psychological evaluation, or has maintained a clear conduct record during his incarceration. In fact, the absence of some or all of these factors was cited by the PBPP in support of its decisions to deny Plaintiff parole. (Document # 16, Defendants' Brief, Exhibits 7 and 8). Thus, Plaintiff's reliance upon the Third Circuit's decision in Mickens-Thomas is misplaced and unavailing.

### III.  CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss or, in the alternative, for summary judgment [Document #15], should be granted.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond

---

[3] On its first review of the PBPP's denial of parole to the prisoner in Mickens-Thomas, the Circuit Court determined that the PBPP ignored or refused to consider numerous factors weighing in favor of the prisoner's release, including a clear conduct record, a unanimous recommendation for release from the DOC, positive psychological evaluations, prescriptive programming, and sex offender therapy. Mickens-Thomas v. Vaughn, 321 F.3d 374, 388-89 (3d Cir. 2003).

thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.


                                                S/Susan Paradise Baxter
                                                SUSAN PARADISE BAXTER
                                                Chief U.S. Magistrate Judge


Dated:   January 27, 2006

cc:      The Honorable Sean J. McLaughlin
         United States District Judge